Original,
No. 5333.

HAROLD AMERO

*v.*

PARKER L. HANCOCK, *Warden of the State Prison.*

Filed January 19 and February 24, 1965.
Decided March 31, 1965.

*Harold Amero* (by brief), pro se.

WHEELER, J. The petitioner contends that his civil rights "were denied and violated" under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States in that he did not have a fair trial by an impartial jury and that his counsel "did not provide a full and proper defense as guaranteed by the Sixth Amendment to the Constitution of the United States. . . ."

The substance of his complaint is that one of the jurors who was drawn to sit on his case in Strafford County Superior Court was not an impartial juror and he was thus denied a fair and impartial trial.

In support of this contention the petitioner alleges that this juror had known him for over twenty years and that he (Amero) was at one time "a close companion of his two (2) sons . . ."; that "he disapproved of petitioner and that he, personally did not want his sons to associate with petitioner herein." The petition further alleges that he "had on occasions had intimate relations" with a former daughter-in-law of this juror, and that such relations could possibly be "a material factor in a divorce decree" between her and a son of the juror.

Because of activities and incidents which the petitioner says were known to Juror Wallingford, Sr. he argues "that it is not presumptuous to assume that when the Jury retired to deliberate; *Juror* Wallingford used all his powers of persuasion to

give the other Jurors a prejudiced and biased opinion of the petitioner.. . . ."

At his trial in the court below the petitioner was represented by competent counsel. It is now contended that he brought to his counsel's attention during the impaneling of the jury that this juror knew a great deal about his past life and background and was likely to be prejudiced. He represents that his counsel said he had exhausted his challenges. We have no reason to assume that counsel did not exercise his challenges both peremptory and for cause in the best interest of the petitioner. Furthermore, it must be assumed that the Trial Court in impaneling the jury followed the required statutory and universal practice of the Superior Court in this jurisdiction of propounding certain inquiries to the panel to ascertain if they were impartial and indifferent. RSA 500:32; RSA 606:1.

The petitioner's exceptions taken during the trial in Superior Court which resulted in his conviction for the crime of breaking, entering and larceny in the nighttime have been considered by this court and were overruled and the conviction affirmed. *State v. Amero*, 106 N. H. 134. In considering the petitioner's allegations now before us we have again reviewed the trial record and find no basis in fact for the contention that he did not have a fair trial by an impartial jury.

The order therefore is

*Petition dismissed.*

All concurred.